SWINK *v.* McKNIGHT'S EXECUTORS.

(*Jackson.* June 3, 1890.)

PRACTICE. *Demanding jury. Act 1889 construed.*

A party who has failed to demand a jury in an appealed case "within the first three days of the trial term," as required by the Act of 1875, Ch. 4, is authorized by the Act of 1889, Ch. 220, to make the demand on the first day of any subsequent trial term.

Act construed: Acts 1889, Ch. 220.

Cases cited: Coulter *v.* Sewing Machine Co., 3 Lea, 116; Arlington Insurance Co. *v.* Caldwell, *ante*, p. 758.

FROM CHESTER.

· Appeal from Circuit Court of Chester County. E. L. BULLOCK, Sp. J.

J. M. TROUTT for Swink.

CARUTHERS & MALLORY for McKnight's Executors.

CALDWELL, J. Swink sued McKnight's executors before a Justice of the Peace to collect amount

claimed to be due on a promissory note executed by McKnight to Swink.

The plaintiff obtained judgment for $301.68, and the defendants appealed to the Circuit Court. In that Court verdict and judgment were rendered in favor of defendants. Motion for new trial being overruled, Swink appealed in error to this Court.

Appellant assigns as error the action of the Circuit Judge in submitting the case to a jury, instead of trying it himself without the intervention of the jury.

Touching this question the bill of exceptions recites that: "Defendants appealed from a judgment of the Justice of the Peace to the October Term, 1889, of the Circuit Court of Chester County, which was the trial term, and no jury was demanded at this term by either the plaintiff or the defendants. At this February Term (1890), on the first day of the term, defendants demanded a jury, and made application to the Court by motion in open Court, and had the same put on the trial docket. Plaintiff resisted the motion on the ground that the application came too late. The Court granted the motion of defendants, and allowed a jury—to which action plaintiff excepted, and the cause was tried by a jury over the objection of plaintiff."

The insistence of appellant's counsel is that the demand for a jury should have been made at the *first* term at which the case was triable (October Term, 1889), and that, not having been made at that

term, it could not properly be made and granted at the next term (February Term, 1890), as was done.

The correctness or incorrectness of this position is to be determined by a construction of the jury Acts.

The Act of 1875, Ch. 4, Sec. 1, required the party desiring a jury, in cases appealed from Justices of the Peace, to make demand for it "within the first three days of *the trial term."* As contemplated by that Act, "the trial term" was the *first* term after the appeal was perfected. *Coulter* v. *Sewing Machine Co.,* 3 Lea, 116. Therefore, under that Act, the demand in the case before us would be too late, and the objection made by appellant would be a good one.

But that Act was amended by the Act of 1889, Ch. 220, Sec. 1, so as to entitle any party to any suit then pending, or to be thereafter brought, to a trial by jury, "provided he call for the same on the first day of any term at which the suit stands for trial," etc.

This changes the former law, and instead of requiring the demand for the jury to be made at the *first trial term,* authorizes it to be made at "*any term"* at which the case is triable. This case stood for trial at the February Term, 1890, hence the demand was in time, and the jury properly granted.

As to cases originating in the Circuit Court, the two Acts are to be construed together; and the

demand for a jury, in such cases, may properly be made under either of those Acts—under the former in the first pleading tendering an issue triable by jury, and under the latter by demand on the first day of any term at which the suit stands for trial. *Arlington Insurance Co.* v. *Mattie H. Caldwell, ante,* p. 758.

The other errors assigned need not be noticed in detail in this opinion. After careful consideration of each, we hold that none of them present any ground for reversal.

Affirm.